**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Hanh Thi My Do, | Case No. 2:21-cv-01885-JAD-DJA |
| Plaintiff, | |
| v. | **Order** |
| Florena Randolph, | |
| Defendant. | |

I.      *In forma pauperis* **application.**

    *Pro se* plaintiff Hanh Thi My Do brings a breach of contract action arising out of a car accident after which Defendant Florena Randolph and her insurance company (which Plaintiff appears to list as a Roe defendant) "breached the litigation contract…"  (ECF No. 1-2 at 3). Plaintiff moves to proceed *in forma pauperis*.  (ECF No. 1).  Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them.  Plaintiff's request to proceed *in forma pauperis* will therefore be granted.  The Court now screens Plaintiff's complaint as required by 28 U.S.C. § 1915(e)(2).

II.     **Screening standard.**

    After granting an application to proceed *in forma pauperis*, courts screen the complaint under § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

1    Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a

2   complaint for failure to state a claim upon which relief can be granted.  Review under Rule

3   12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d

4   719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of

5   the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp.*

6   *v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual

7   allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the

8   elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court must

9   accept as true all well-pled factual allegations contained in the complaint, but the same

10   requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the

11   elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at

12   678.  Secondly, where the claims in the complaint have not crossed the line from conceivable to

13   plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.  Allegations of a *pro se*

14   complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v.*

15   *Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se*

16   pleadings is required after *Twombly* and *Iqbal*).

17   **III.    Screening the complaint.**

18    The Court dismisses Plaintiff's complaint without prejudice because she has not

19   established jurisdiction or that this Court is the appropriate venue.  While driving in Orange

20   County on April 13, 2015, Plaintiff alleges that Randolph rear ended her, causing severe injuries.

21   (ECF No. 1-2 at 2).  Plaintiff asserts that she is a resident of Vietnam, Nevada, and California and

22   "will move to Texas."  (ECF No. 1-2, at 2, 3).  She asserts that Randolph is a resident of

23   California.  (ECF No. 101 at 2-3).  At the time of the accident, Plaintiff alleges that Randolph was

24   acting in the scope of Randolph's employment by a California company and that Randolph

25   insured by a Roe insurance agency "located in multiple locations in California."  (ECF No. 1-2 at

26   2-4).  Plaintiff also appears to assert that she litigated the accident at some point in an Orange

27   County court.  (*Id.* at 7).  The only connection Plaintiff makes with Nevada is that her health has

28   deteriorated in the time she has moved from Orange County to Nevada.  (*Id.* at 3).  Plaintiff

appears to assert the following statutes as bases for her claims: (1) NRS 11.190(1)(b), setting a six-year statute of limitations for breach of contract claims in Nevada; and (2) 32 C.F.R. §§ 199.12, 199.8 and 10 U.S.C. § 1095b, each of which concerns the TRICARE healthcare program for uniformed service members.

### A.    *Plaintiff has not established federal question or diversity jurisdiction.*

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Under 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States."  Diversity jurisdiction requires Plaintiff to be diverse from all named Defendants.  *See* 28 U.S.C. § 1332.

Here, Plaintiff has not established either federal question jurisdiction or diversity jurisdiction.  While Plaintiff lists certain federal regulations and statutes related to the TRICARE program, she has not asserted any facts that would connect her claims with these regulations or statutes.  Plaintiff's remaining claim for breach of contract arises under state law.  Plaintiff has thus not established federal question jurisdiction.  Nor has she established diversity jurisdiction. Plaintiff asserts she is a resident of California (along with Vietnam, Nevada, and apparently Texas), where Randolph and her Roe insurance company are also domiciled.  The Court thus cannot find that Plaintiff is diverse from all named Defendants and dismisses Plaintiff's complaint without prejudice for lack of federal or diversity jurisdiction.

1

         ***B.      Plaintiff has not established that this Court is the proper venue for her claims.***

2             The federal venue statute requires that a civil action be brought in (1) a judicial district in

3  which any defendant resides, if all defendants reside in the same state where the district is

4  located; (2) a judicial district in which a substantial part of the events or omissions giving rise to

5  the claim occurred, or a substantial part of property that is the subject of the action is situated; or

6  (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the

7  action is commenced, if there is no district in which the action may otherwise be brought.  28

8  U.S.C. § 1391(b).  Under 28 U.S.C. § 1406(a), the court shall dismiss or transfer an action laying

9  venue in the wrong district.  *See Au-Yang v. Citibank, N.A.*, 872 F.2d 426 (9th Cir. 1989) (holding

10  that the selection between options of dismissal and transfer for improper venue is a matter of

11  discretion).

12             Plaintiff has not shown that this Court is the proper venue for her claims.  Plaintiff has not

13  connected any facts with Nevada other than suggesting that she now lives here and is still

14  suffering injuries.  Otherwise, Plaintiff was injured in California, by a California resident, who

15  was employed by a California company and insured by a California insurance agency.  Plaintiff

16  then apparently litigated her action in a California court.  Because Plaintiff has not alleged any

17  connection to this district, the Court lacks personal jurisdiction over the Defendants.  Venue is

18  thus improper, and the Court thus dismisses Plaintiff's complaint without prejudice on this basis

19  as well.

20

21         **IT IS THEREFORE ORDERED** that Plaintiff's request to proceed *in forma pauperis* is

22  granted.  Plaintiff shall not be required to prepay the filing fee of $402.00.  Plaintiff is permitted

23  to maintain this action to conclusion without the necessity of prepayment of any additional fees or

24  costs or the giving of a security therefor.  This order granting leave to proceed *in forma pauperis*

25  shall not extend to the issuance and/or service of subpoenas at government expense.

26         **IT IS FURTHER ORDERED** that the Clerk's office is kindly directed to file Plaintiff's

27  complaint (attached in two parts as ECF Nos. 1-1 and 1-2) on the docket.

28

**IT IS FURTHER ORDERED** that Plaintiff's complaint is dismissed without prejudice, providing Plaintiff leave to amend.  Plaintiff will have until **December 14, 2021** to file an amended complaint if the noted deficiencies can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete.  This is because an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.  Failure to comply with this order could result in the recommended dismissal of this case.

DATED: December 1, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE